UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MICHAEL BRUCE ANTHONY McPHERSON,

Petitioner,

v.

RAUL MORALES, Warden,

Respondent.

Case No.: 1:26-cv-04871-KES-EGC (HC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF MANDAMUS AS FRIVOLOUS**

(Doc. 1)

14-Day Objection Period

On June 10, 2026, Petitioner Michael Bruce Anthony McPherson, proceeding pro se and *in forma pauperis*, filed a Petition for Writ of Mandamus[1] in this Court. (Doc. 1.)

**I. DISCUSSION**

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," *Tagupa v. East-West Center, Inc.*, 642 F.2d 1127,

[1] Petitioner used a Civil Rights Complaint by a Prisoner form, striking out its title and substituting "'Petition for Writ of Mandamus.'"

1129 (9th Cir. 1981) (quoting *Jarrett v. Resor*, 426 F.2d 213, 216 (9th Cir. 1970)); and (3) no other adequate remedy is available. *Piledrivers' Local Union No. 2375 v. Smith*, 695 F.2d 390, 392 (9th Cir. 1982).

Petitioner claims that in case number 1:25-cv-01026-KES-SKO, the Court "clearly acknowledges that [he is] 'forever' entitled to immediate release from [the California Substance Abuse Treatment Facility]" and that "supporting documents [clarify] a potential argument 'that he is entitled legally to a release from custody." (Doc. 1 at 3.) He asserts Warden Raul Morales advised Petitioner that he could not release him because the Court did "not send a order 'directly' to the 'prison legal desk,' because the Court documents could be fraud." (*Id*.) Petitioner contends Morales's "statement is profiteering," citing to an unspecified section of Title 15 of the California Code of Regulations. (*Id*.) Finally, Petitioner maintains Morales "has a 'absolutely duty' and is failing to act." (*Id*.) Petitioner asks the Court to "send an 'order' directly to the prison, not to [him], 'commanding' the prison to release [him] immediately." (*Id*. at 6.)[2]

Petitioner's argument is clearly nonsensical, frivolous, and does not merit further analysis. Furthermore, mandamus relief is not available because Respondent — the warden of a state prison — is not an officer, employee or agency of the United States. Title 28 U.S.C. § 1651(a) does not invest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) (Eleventh Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. *Demos v. U.S. Dist. Court For Eastern Dist. of Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991); *Robinson v. California Bd. of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); *Eberly v. Cavagnolo*, No. 2:25-cv-0436 AC P, 2026 WL 880237, at

[2] Attached as exhibits to the mandamus petition are pages 4, 5, and 9 from the findings and recommendations signed by now retired Magistrate Judge Sheila K. Oberto in case number 1:25-cv-01026-KES-SKO, dated April 3, 2026 (*id*. at 8-10), the judgment entered May 4, 2026, in that action (*id*. at 11-13), followed by the first three pages of the findings and recommendations issued in the same action (*id*. at 14-16).

*1 (E.D. Cal. Mar. 31, 2026) ("To the extent petitioner seeks a writ of mandate ordering the state court and other agencies to undertake certain actions, this court has no such authority"); *McPherson v. Warden*, No. 1:25-cv-01885-SKO, 2025 WL 3653902, at *2 (E.D. Cal. Dec. 17, 2025) (finding "mandamus relief is not available because Respondent is not an officer, employee or agency of the United States" and recommending dismissal), *adopted in full*, 2026 WL 511024 (E.D. Cal. Feb. 23, 2026).

## II. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons stated above, this Court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE as frivolous.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 26, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE